ANTONIO BRUNO, demandante y apelante, *v.* LA COMISIÓN DE INDEMNIZACIONES A OBREROS, demandada y apelada.

No. 3586.—*Visto:* Junio 19, 1925.  *Resuelto:* Julio 10, 1925.

PATRONO Y EMPLEADO—LEY DE INDEMNIZACIONES POR ACCIDENTES DEL TRABAJO—
COMPENSACIÓN—DISCRECIÓN AL RESOLVERLA Y ESTIMACIÓN DE LA COMPENSA-
CIÓN.—La Comisión de Indemnizaciones a Obreros tiene discreción para re-
solver si concede o no el límite de la suma permisible a un trabajador lesio-
nado debiendo la compensación estimarse más bien por el alcance de la inca-
pacidad sufrida que por la extensión del daño.

SENTENCIA de *Charles E. Foote*, J. (Primer Distrito, San Juan), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Bolívar Pagán*, abogado del apelante; *Hon. Attorney General y C. Llauger Díaz*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

En este caso la corte dijo en efecto que debido a la con-
tradicción en la prueba, por la falta de prueba de la inca-
pacidad y porque generalmente las cortes no irían contra la resolución de la Comisión de Indemnizaciones no debía intervenirse con la resolución de dicha comisión. No esta-
mos convencidos de que la corte inferior incurrió en error al expresar que las cortes generalmente siguen a la comi-
sión, pero si estuviéramos así convencidos todavía sería ne-
cesario para el apelante demostrar que la comisión estuvo equivocada. De una lectura de la ley y por nuestra misma experiencia, estamos satisfechos de que la comisión tiene discreción para resolver si concederá o nó el límite de la

suma permisible a un trabajador lesionado.   El artículo 3, párrafo 3, Leyes de 1921, pág. 477, bajo el título de Derechos del Obrero, dice lo siguiente:

"Si el obrero quedare parcialmente incapacitado para trabajar de un modo permanente, recibirá una compensación adicional que no excederá de dos mil quinientos (2,500) dólares. La compensación será graduada en relación con el tipo de jornal que ganaba el obrero, y la importancia de la lesión sufrida.   Se considerará incapacidad parcial permanente cualquier lesión permanente que no constituye incapacidad total permanente, tal como la pérdida de un ojo, una mano, un pie o cualquier otra lesión de carácter permanente que no incapacite totalmente a un obrero para hacer cualquier trabajo en una ocupación remunerativa."

De acuerdo con esta regla deducimos que la compensación ha de estimarse más bien por el alcance de la incapacidad sufrida que por la extensión del daño.   Notas al caso de *Rayner* v. *Sligh Furniture Co.*, L.R.A. 1916A, 136 *et seq.*

Aquí el trabajador sufrió una lesión en los dedos de su mano izquierda.   Hubo un conflicto en la prueba testifical respecto a si esta lesión le inutilizó totalmente para el trabajo, o nó.

No vemos razón alguna para dudar de la declaración del perito del gobierno al ser creída por la comisión y no siendo puesta en tela de juicio en la corte inferior.   Al apelante se le concedieron $55 por incapacidad parcial, y no nos convence de que tuviera derecho a más.

*Debe confirmarse la sentencia apelada.*